**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 9, 2006
Decided January 10, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, Circuit Judge

No. 06-1313

| | |
|---|---|
| COMERICA BANK, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 1319 |
| FRANK ESPOSITO and LUCILLE ESPOSITO, | Charles R. Norgle, Sr. |
| *Defendants-Appellants.* | *Judge.* |

**O R D E R**

Comerica Bank sought a default judgment against the Espositos after they failed for three months to respond to Comerica's complaint to collect on a note. Appearing *pro se* at the default hearing, the Espositos admitted to defaulting on the note "in a very strict sense," but asked for additional time (two weeks) to retain a new attorney and answer the complaint. They added that they failed to respond to the complaint because their attorney had passed away. The district court entered the default judgment—in the amount of $356,862.07—against the Espositos, and later denied the Espositos' motion to vacate the default judgment. The Espositos appeal both the entry of the default judgment and the denial of their motion. We vacate the entry of the judgment as an abuse of discretion and remand the case back to the district court.

On March 4, 2005, Comerica Bank filed a complaint against Frank and Lucille Esposito alleging a breach of guarantee. Three weeks later, Comerica served its complaint on the Espositos, which required that the Espositos file their answer by April 15th. Approximately two months after the date to answer, on July 1, 2005, Comerica filed a motion requesting a default judgment against the Espositos.

On July 8, 2005, the district court held a hearing to rule on the motion. The Espositos, appearing *pro se*, explained that the death of their attorney delayed their response to the complaint:

> I had an attorney who unfortunately passed away, Scott Chase, and his firm Nigro, Westfall took up the proceedings and we had some questions as to some of the billings they that they had done on another case that they were working on for us and I gave them the information that was given to us to respond.
>
> My belief was that they had responded and then I'm finding, when I see this documentation that they did not—there was no response. I'm more than willing to make a response once I have an attorney—and I'm in the process of getting another one—and we could make a response within the next week or two.

The court responded, "The allegation is that you've defaulted on a note. What would your response be?" Mr. Esposito answered, "I guess in a very strict sense I defaulted on the note," to which the court replied, "the motion for default judgment is entered."

On July 18, 2005—within 10 days of the entry of that judgment, and acting through newly acquired counsel—the Espositos filed a motion seeking relief from the default judgment. The Espositos repeated that their family attorney had become ill and contended that Mr. Esposito's "uncounseled admission should be withdrawn" because they have a defense—and possibly a counterclaim—to the lawsuit under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a), and 12 C.F.R. 202.7(d). The district court denied the motion. The Espositos now appeal.

On appeal, the Espositos contend that the district court abused its discretion both in entering the default judgment and in denying their motion to vacate the default judgment. We need only discuss the entry of the judgment itself.

The Espositos argue that the entry of the $356,862 default judgment against them was an abuse of discretion because: (1) they had exhibited no willful disregard for court rules, (2) they had a compelling reason—the death of their attorney and his law firm's subsequent neglect—for their failure to respond to the complaint, (3) they asked for a brief (one- to two-week) extension of time to file an answer in a case barely three months old, and (4) the so-called "admission" of liability that Mr. Esposito made was qualified and uncounseled.

We review the entry of a default judgment under an "abuse of discretion standard." *Stafford v. Mesnik,* 63 F.3d 1445, 1450 (7th Cir. 1995). "While this circuit no longer disfavors default judgments . . . a default judgment should not be a considered a ready response to all litigant misbehavior." *Id.* at 1450. In evaluating the district court's exercise of discretion, we examine whether the defaulting party had "exhibited a willful refusal to litigate the case properly," *Davis v. Hutchins,* 321 F.3d 641, 646 (7th Cir. 2003), the "proportionality of the sanction to [the defaulting party's] conduct, [and] the choice of a default judgment over other available sanctions . . . ." *See Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). *See also* 10A Wright, Miller, & Kane, Federal Practice and Procedure § 2685 (Civil 3d 1998) (courts should examine the dollar amount involved, the nature of the default, prejudice to the plaintiff, and whether the delay is excusable).

In addition, we analyze the district court's denial of a request for additional time to answer under an abuse of discretion standard. *Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006). For this type of case, Fed. R. Civ. P. 6(b)(2) gives courts discretion to extend already expired deadlines that were missed on account of "excusable neglect." Fed. R. Civ. P. 6(b)(2). In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), the Supreme Court identified several factors relevant to whether a party's neglect of a deadline is excusable:

> [T]he danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer,* 507 U.S. at 395.

Here, the district court abused its discretion under both the factors that apply to the entry of the default judgment and the request for additional time because none of the relevant factors support the district court's decision. First,

Comerica does not assert that the two-month delay prejudiced it or that the requested two-week extension would have impacted the course of the still-new case. Second, Comerica does not challenge the Espositos' good faith or that their attorney died and his firm neglected the case. Finally, it also does not dispute that the district court did not consider any lesser sanction before imposing a six-figure default judgment.

Rather, Comerica contends only that the "defendants failure to communicate with their attorneys regarding the filing of an answer is not sufficient to constitute good cause for the default." But the cases that Comerica cite merely stand for the proposition that a client's insistence that his attorney failed to communicate with him usually does not constitute grounds for granting *postjudgment relief* under Rule 60(b). *See Tolliver v. Northrop Corp,* 786 F.2d 316, 319 (7th Cir. 1986); *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45-46 (7th Cir. 1994). *See also C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1206 (7th Cir. 1984) ("In order for the default judgment to be an effective deterrent against irresponsible conduct in litigation, relief from a default judgment under Rule 60(b) must be perceived as an exceptional remedy."). *But see Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 359-60 (7th Cir. 1997) (concluding that after *Pioneer,* "attorney carelessness" can constitute "excusable neglect" under Rule 60(b)(1)).

In contrast, we have held that a district court abuses its discretion when—as was the case here—the court *enters* a default judgment *knowing* that the litigant's default is the result primarily of his attorney's neglect. *See Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.,* 856 F.2d 873, 878 (7th Cir. 1988) (judge abused his discretion in entering default judgment "in the absence of any bad faith or willfulness without first employing lesser sanction"); *Stafford,* 63 F.3d at 1451 (entry of default judgment reversed because appellant's belief that counsel would attend hearing constituted an "acceptable excuse"). In fact, in *Tolliver*—the Rule 60(b) case upon which Comerica relies so heavily—we noted that the appellant might have had a "strong case on [direct] appeal" because "a court would be hard pressed to call this default [her attorney had failed to file answers to interrogatories] the sort of willful, bad faith conduct that is the usual precursor of dismissal." *Tolliver,* 786 F.2d at 318.

Rather than considering the relevant factors, none of which favor the district court's decision, the court based the entry of default on Mr. Esposito's uncounseled and equivocal response to the allegation in the complaint. But we have repeatedly stated that *pro se* pleadings must be construed liberally. *Jones,* 39 F.3d at 163. A liberal construction of the *pro se* oral pleading, "I guess in a very strict sense I defaulted on the note" does not exclude the possibility of some defense to a technical

default.  Mr. Esposito had, after all, offered just moments earlier to prepare an answer.

Accordingly, we VACATE the entry of the default judgment against the Espositos as an abuse of discretion and REMAND the case to the district court.